IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00282-BNB

ANTHONY BUSSIE,

    Plaintiff (named as Movant),

v.

UNITED STATES OF AMERICA,

    Defendant.

ORDER OF DISMISSAL

Mr. Bussie, who is detained at the Federal Detention Center in Philadelphia, Pennsylvania, has filed *pro se* a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. No. 1).[1] In the motion, Mr. Bussie alleges that Congressmen Andrews and Boehner are "using white collar crimes . . . to torture Bussie . . . ." (ECF No. 1, at 10). His other allegations are unintelligible.

The Court's review of the Federal Judiciary Public Access to Court Electronic Records ("PACER") Service reveals that Mr. Bussie is presently in custody pursuant to a federal indictment charging him with threatening to harm a United States Congressman.[2] *See United States v. Bussie*, No. 12-cr-00229-RMB-1 (D.N.J.). The

---

[1] The Clerk of the Court was directed to open this case as a civil rights action because a § 2255 Motion must be linked to a criminal case filed in this Court and Mr. Bussie has not been convicted in the District of Colorado. Further, as discussed in the text above, the allegations in the Motion are not cognizable under § 2255 or in habeas corpus.

[2] "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001); *see also Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972).

criminal action has been continued indefinitely to assess Mr. Bussie's psychological condition and need for medication. (*Id.*).

A motion under 28 U.S.C. § 2255 attacks a criminal conviction or sentence and must be filed in the sentencing court. *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Mr. Bussie's § 2255 motion is not properly filed in the District of Colorado because he is not attacking a criminal conviction or sentence imposed by this Court.

Jurisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action "if the transfer is in the interest of justice." *Federal Deposit Ins. Corp. v. McGlamery*, 74 F.3d 218, 220 (10th Cir.1996). The Court finds that transfer of the § 2255 motion to the United States District Court for the District of New Jersey is not warranted for two reasons. First, the motion seeking post-conviction relief is premature. Mr. Bussie has not yet been convicted on the charges filed in 12-cr-00229-RMB-1 (D.N.J.). Second, the motion contains allegations of purported illegal conduct by Congressmen that are not cognizable in a motion for relief under 28 U.S.C. § 2255. *See Bussie v. Andrews,* No. 3:13-cv-01536-AWT (D. Conn. Nov. 27, 2013) (§ 2255 motion filed in wrong federal court and which contained allegations of unlawful actions by Congressman Andrews dismissed without prejudice). Mr. Bussie's other allegations are unintelligible. Transferring a § 2255 motion is not in the interest of justice where the requested relief is meritless. *See Haugh,* 210 F.3d at 1150. Accordingly, it is

ORDERED that the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, filed by Anthony Bussie on January 29, 2014, is DENIED, and this action is DISMISSED without prejudice. (Doc. No. 1).

Dated February 4, 2014, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court